FARQUHARD SMITH ET AL. *v.* TOWN OF DUNN ET AL.

(Filed 20 November, 1912.)

1. **Wills—Trusts and Trustees—Personal Property—Place of Taxation—Interpretation of Statutes.**

> Under the provisions of Revisal, sec. 5217, a guardian shall list the property of his ward for the purpose of taxation where such ward resided on the first day of June, and an executor or administrator shall list the property of the deceased where he resided on the first day of June, unless such ward or deceased person were nonresident of this State, in which case the guardian or personal representative shall list the property where he himself resided on the first day of June.

2. **Same—Cities and Towns—Penalties—Injunction.**

> In this case the testator appointed executors of his will who were also therein named as trustees for certain beneficiaries, who in May of a certain year moved to another town, after the matters of executorship had been closed, leaving those of the trusteeship continuing: *Held,* (1) the personal property should have been listed at the place of residence of the beneficiaries in June of that year; and the taxes not having been listed at all, it was proper for the commissioners of the town of residence of the beneficiaries to cause the personalty to be listed there and impose the penalty prescribed by Revisal, sec. 5232 (section 72 of the Machinery Act of 1909) ; a restraining order in this case was improvidently granted.

APPEAL by defendants from *Peebles, J.,* at May Term, 1912, of HARNETT.

The facts are sufficiently stated in the opinion of the Court by *Chief Justice Clark.*

*E. F. Young for plaintiffs.*
*J. C. Clifford for defendants.*

CLARK, C. J. Under the will of Mrs. F. M. Andrews, who died resident in Stewart's Creek Township in Harnett County in 1904, the plaintiffs were appointed executors and also trustees of certain property for her son, his wife and children. The estate has been settled up, and the plaintiffs now hold simply as trustees for the beneficiaries. In 1908 the *cestius que trustent* removed to the town of Dunn and have lived there ever

since. The trustees have in their possession certain personal property consisting mostly of stocks and bonds. These they have not listed for town taxes.

Revisal, 5217, provides that in all cases where the guardian, executor, or administrator resides in a city or incorporated town, all personal property in his hands shall be listed for taxation only where their wards resided on the first day of June and where the deceased persons resided on the date of their death, unless such ward or deceased persons were nonresident: *"Provided,* that when personal property is held in trust for another, by any person, firm, or corporation in this State, whether as guardian, trustee, or otherwise, and the *cestui que trust* is a resident of the State, then the same shall be listed for taxation in the county and township where the *cestui que trust* lived on the first day of June."

Revisal, 5232 (section 72 of the Machinery Act of 1909), authorized the county board of commissioners, and makes it their duty, to list property which has escaped taxes for a period not exceeding five years, adding to the simple taxes 25 per cent in addition thereto, and at the end of this section its provisions are extended so as to apply to "all cities, towns, and like municipal corporations" having the power under their charters to tax property.

On 1 May, 1908, the *cestuis que trustent* removed to the town of Dunn and have lived there ever since. The plaintiffs listed the real estate for taxation in the town of Dunn. But on 1 June, 1908, 1909, and 1910, they listed the personalty only in the township in which the trustees resided. In October, 1910, the board of commissioners of Dunn directed that the personalty held by said trustees for said beneficiaries should be listed for taxation in said town and the taxes should be collected thereon, together with 25 per cent additional for the years 1908 and 1909. This is a "case submitted without controversy," and the plaintiffs ask an injunction on the above facts to restrain the town and its tax collector from collecting the taxes upon said property held by them as trustees for said beneficiaries.

The language of the statute, Revisal, 5217, is explicit that the property is taxable "where the *cestui que trust* resides."

The case also falls under Revisal, 5232 (section 72 of the Machinery Act of 1909), for it is a case where the property was "not listed at all" so far as the town tax is concerned, and not a case, as his Honor seemed to have supposed, where the trustee "listed and paid in the wrong township." The property was not listed for town taxes either in the township where the plaintiffs reside nor in the town where the beneficiaries resided.

The language of Revisal, 5217, is not very neatly expressed, but it clearly means that a guardian shall list the property of his ward where such ward resided on the first day of June and an executor or administrator shall list the property of the deceased where he resided on the first day of June, unless such ward or deceased person were nonresident of this State, in which case, the guardian or personal representative shall list the property where he himself resided on said first day of June. The injunction was improvidently granted.

Reversed.